**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Denise E. Jackson,

    Plaintiff,

    v.                                        Case No. 1:10cv753

Commissioner of Social Security          Judge Michael R. Barrett

    Defendants.

## **ORDER**

This matter is before the Court upon the Magistrate Judge's November 22, 2011 Report and Recommendation ("R&R") which recommends that the Commissioner's finding of non-disability be affirmed. (Doc. 11.)

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).[1] Plaintiff filed objections to the R&R (Doc. 14) and the Commissioner filed a response to the objections (Doc. 18).

Plaintiff objects to the Magistrate Judge's R&R on the following grounds: (1) the ALJ improperly took Plaintiff's obesity into consideration; (2) the ALJ failed to properly consider the side effects of Plaintiff's medications; (3) the ALJ erroneously relied on the opinions of non-examining physicians; and (4) the ALJ erroneously concluded that Plaintiff's activities of daily living were not consistent with her subjective complaints.

---

[1]A notice was attached to the Magistrate's Report and Recommendation regarding objections.

Plaintiff raised these same arguments before the Magistrate Judge.

The Magistrate Judge found that the ALJ properly considered Plaintiff's obesity under Social Security Ruling ("SSR") 02-01p. The ALJ concluded that Plaintiff is obese at a height of 69 inches and a weight of 257 pounds, and a body mass index over 40 percent. (Tr. 59). However, at step two of the five-step analysis, the ALJ did not find that Plaintiff's obesity was a severe impairment. (Id.)[2] At step three, the ALJ considered Plaintiff's obesity under SSR 02-01p, recognizing that the Ruling provides that if the claimant's obesity is of such a level that it results in an inability to ambulate effectively, it would support a finding of medical equivalence.[3] (Id.) The ALJ concluded that the record did not support a finding that Plaintiff was "unable to ambulate effectively at any material time due to her obesity." (Id.)

---

[2]Plaintiff also objects to this finding, arguing that it was "nonsensical" for the ALJ to not reach a finding of a severe impairment where Plaintiff's BMI was in excess of 40 percent and considered "extreme" according to the applicable clinical guidelines from the National Institutes of Health. However, SSR 02-1p itself explains that:

> There is no specific level of weight or BMI that equates with a "severe" or a "not severe" impairment. Neither do descriptive terms for levels of obesity (e.g., "severe," "extreme," or "morbid" obesity) establish whether obesity is or is not a "severe" impairment for disability program purposes. Rather, we will do an individualized assessment of the impact of obesity on an individual's functioning when deciding whether the impairment is severe.

2000 WL 628049, *4.

[3]SSR 02-1p provides as follows:

> if the obesity is of such a level that it results in an inability to ambulate effectively, as defined in sections 1.00B2b or 101.00B2b of the listings, it may substitute for the major dysfunction of a joint(s) due to any cause (and its associated criteria), with the involvement of one major peripheral weight-bearing joint in listings 1.02A or 101.02A, and we will then make a finding of medical equivalence.

2000 WL 628049, *5.

In her objections, Plaintiff argues that the ALJ failed to consider the impact that her obesity may have on her ability to function in other ways. Specifically, Plaintiff argues that the ALJ failed to consider her ability to perform routine movement and the necessary physical activity within the work environment. Plaintiff also argues that the ALJ failed to consider her ability to sustain work activity in an ordinary work setting on a regular and continuing basis. In support of these arguments, Plaintiff relies on the portion of SSR 02-1p which provides:

> An assessment should also be made of the *effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment.* Individuals with obesity may have problems with the ability to sustain a function over time. As explained in SSR 96-8p ("Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims"), our RFC assessments must consider an individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. *A "regular and continuing basis" means 8 hours a day, for 5 days a week, or an equivalent work schedule.* In cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity. This may be particularly true in cases involving sleep apnea.

2002 WL 34686281, *6 (footnote omitted) (emphasis added).

At the outset, it is important to note that the Sixth Circuit has explained that:

> Social Security Ruling 02–01p does not mandate a particular mode of analysis. It only states that obesity, in combination with other impairments, 'may' increase the severity of the other limitations. It is a mischaracterization to suggest that Social Security Ruling 02–01p offers any particular procedural mode of analysis for obese disability claimants.

*Bledsoe v. Barnhart*, 165 Fed. App'x 408, 411–12 (6th Cir. 2006). Therefore, the ALJ was not required to specifically address the effect that Plaintiff's obesity has on her ability to perform routine movement, or whether she had the ability to do sustained work activities on a regular and continuing basis.

3

Nevertheless, SSR 02-1p does state that at steps 4 and 5, these are considerations which should be made in assessing a claimant's residual functional capacity. The Court finds, as did the Magistrate Judge, that the ALJ properly considered the effect of Plaintiff's obesity, and any fatigue as the result of her obesity.

The ALJ noted that Plaintiff was capable of doing laundry, light cleaning, putting dishes away, grocery shopping, cooking, and going out to dinner. (Tr. 61). The ALJ also noted that after the placement of her pacemaker in February of 2008, Plaintiff reported that she was walking up to twenty minutes a day, three times a week. (Id.) The ALJ found that these activities of daily living are inconsistent with Plaintiff's subjective complaints. (Id.)

With regard to the opinion evidence in the record, the ALJ noted that no treating source found that Plaintiff was disabled, or completed a function-by-function assessment of her work-related limitations. (Tr. 62.) Instead, as the ALJ explained, it was the opinion of the State agency medical consultants, Drs. Hill and Holbrook, that Plaintiff could sit approximately six hours in an eight-hour workday and stand and/or walk approximately six hours in an eight-hour workday. (Id.) Dr. Hill was of the opinion that Plaintiff could lift twenty pounds occasionally and ten pounds frequently. Dr. Holbrook opined that Plaintiff could lift fifty pounds occasionally and twenty-five pounds frequently. Both doctors stated that Plaintiff could push and/or pull within those weight restrictions. The ALJ noted that these opinions were reached before Plaintiff had her pacemaker placed, and the objective evidence and subjective complaints show that Plaintiff's condition has improved since then. (Id.)

Plaintiff argues that the ALJ overlooked certain evidence in the record which indicates that even though Plaintiff was engaging in activities such as doing laundry, light

4

cleaning, putting dishes away, grocery shopping, cooking, and going out for dinner, she was only engaging in these activities on a limited basis.[4] Hence, Plaintiff argues, the ALJ should have found that Plaintiff could not engage in these activities on a sustained basis.

The Court finds that Plaintiff's argument misses the mark. Plaintiff bears the burden of proving the existence and severity of limitations caused by her impairments. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) ("Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work . . . ."). While Plaintiff points to evidence in the record where Plaintiff herself claims she cannot engage in activities on a sustained basis, the ALJ did not find Plaintiff credible on this point. (Tr. 60.) As the ALJ noted, the objective medical evidence and expert opinions in the record do not support these limitations claimed by Plaintiff. Plaintiff cannot rely on her own subjective complaints without providing supporting evidence. *See Walton v. Comm'r of Soc. Sec.*, 60 Fed.Appx. 603, 610 (6th Cir. 2003) (noting that "subjective complaints do not constitute objective medical findings") (citing Young v. Sec'y of Health & Human Servs., 925 F.2d 146, 151 (6th Cir. 1990)). For the foregoing reasons, the Court concludes that the ALJ properly considered Plaintiff's obesity.

Next, Plaintiff argues that the ALJ failed to properly consider the side effects of Plaintiff's medications in accordance with SSR 96-7p and 96-8p. Plaintiff, at the

---

[4]Plaintiff relies on statements in Exhibit 9E, Function Report-Adult (Tr. 157-164), as did the ALJ (Tr. 61.). Plaintiff points to the statements that she has other members of the family carry the folded laundry upstairs, she only makes quick dinners, she has to take naps during the day, she only cleans once a week for approximately thirty minutes, her family helps her load and unload the dishwasher, and she needs to rest for fifteen to thirty minutes while shopping.

5

administrative hearing, testified that her medications cause fatigue and also caused her to go to the restroom frequently. (Tr. 18, 21, 38-40.) However, the ALJ determined that Plaintiff's statements regarding such limitations were not credible. (Tr. 60.) The Magistrate Judge discussed the evidence in the record and determined that the ALJ's credibility analysis properly considered the side effects of Plaintiff's medication. (Doc. 11, at 9.) The Court sees no reason to disturb this finding.

Next, Plaintiff argues that the ALJ erroneously relied on the opinions of the non-examining physicians, Drs. Hill and Holbrook. In support of this objection, Plaintiff repeats the same arguments she made before the Magistrate Judge. That is, Drs. Hill and Holbrook never examined Plaintiff or reviewed any of the evidence submitted after the dates of their review.

As the Magistrate Judge noted, after properly evaluating the weight to be accorded to medical source evidence, an ALJ may rely on the conclusions of nonexamining, record reviewing physicians to support an RFC assessment. (Id. at 10.)[5] Plaintiff appears to

---

[5]As the Sixth Circuit has recently reiterated, the proper analysis is as follows:

> Pursuant to 20 C.F.R. §§ 404.1527(d) and 416.927, an ALJ is to "evaluate every medical opinion" submitted in light of a variety of listed factors, which include the nature of the treatment relationship, the supporting medical basis for the opinion, and overall consistency with the larger record. The regulation also sets out a presumptive sliding scale of deference to be given to various types of opinions. An opinion from a treating physician is "accorded the most deference by the SSA" because of the "ongoing treatment relationship" between the patient and the opining physician. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007) (internal quotation marks omitted). A nontreating source, who physically examines the patient "but does not have, or did not have an ongoing treatment relationship with" the patient, falls next along the continuum. *Id.* A nonexamining source, who provides an opinion based solely on review of the patient's existing medical records, is afforded the least deference. *Id.*

*Norris v. Comm'r of Soc. Sec.*, 2012 WL 372986, *5 (6th Cir. Feb. 7, 2012).

argue that the weight given to Drs. Hill and Holbrook was not proper because Drs. Hill and Holbrook did not have the evidence Plaintiff submitted after their review. However, Plaintiff does not identify what that evidence is, or what effect such evidence would have on their conclusions. Moreover, as the Magistrate Judge noted, the record appears to show that Plaintiff's condition improved after the placement of a pacemaker in February of 2008. (Id. at 12.) Therefore, the Court finds no error in the ALJ's reliance on the opinions of Drs. Hill and Holbrook.

Finally, Plaintiff argues that the ALJ erroneously concluded that Plaintiff's activities of daily living were not consistent with her subjective complaints. In that same vein, Plaintiff argues that the ability to perform limited household chores and activities where she has to pace herself do not demonstrate that she is able to perform sustained work activity.

To begin, the Court notes that an ALJ may "consider household and social activities engaged in by the claimant in evaluating the claimant's assertion of pain or ailments." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997) (citing Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990)). In addition, "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." *Walters*, 127 F.3d at 531 (citing Bradley v. Secretary of Health and Human Servs., 862 F.2d 1224, 1227 (6th Cir. 1988)). Here, after discussing the medical evidence in the record, the ALJ noted that "the substantial medical evidence reflects that [Plaintiff's] condition has improved." (Tr. 61.) The ALJ also noted that while

Plaintiff claimed at the initial level that talking on the phone aggravates her condition, in her functions report, Plaintiff described part of her daily activity as talking to family on the phone. (Tr. 61-62.) The ALJ also noted the absence in the record of a treating opinion which would support Plaintiff's claimed symptoms and limitations. (Tr. 62.) Finally, as discussed above, the ALJ relied upon the functional limitations set forth in the opinions of Drs. Hill and Holbrook. (Id.) The Court finds no error in the analysis employed by the ALJ.

Based on the foregoing, the Magistrate Judge's R&R (Doc. 11) is **ADOPTED**. It is hereby **ORDERED** that:

1. The decision of the Commissioner is **AFFIRMED**; and

2. This matter should be **CLOSED** and **TERMINATED** from the docket of this Court.

**IT IS SO ORDERED.**

                         */s/ Michael R. Barrett*
                         Michael R. Barrett, Judge
                         United States District Court